UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CR-00079-REW |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY DANIEL HARVILLE, | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

After conducting Rule 11 proceedings, *see* DE 31 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Larry Daniel Harville's guilty plea and adjudge him guilty of Count 2 of the Indictment (DE 1). *See* DE 32 (Recommendation); *see also* DE 30 (Plea Agreement). Judge Ingram expressly informed Harville of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 32 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 32, **ACCEPTS** Harville's guilty plea, and **ADJUDGES** Harville guilty of Count 2 of the Indictment.

2. Further, based on the recommendation, the plea colloquy, the Plea Agreement, and the Indictment, the Court preliminarily orders forfeiture of the property identified in said Indictment. Harville conceded a nexus, his interest, and the forfeitability of the listed items. The Court anticipates resolving the forfeiture finally, as to Harville, at sentencing per Rule 32.2.

3. The Court will issue a separate sentencing order.[1]

This the 19th day of March, 2026.

Signed By:
*Robert E. Wier*
**United States District Judge**

---

[1] Harville was remanded to custody post-plea, which preserved his status following arraignment. *See* DE 31; DE 11. As such, Harville will remain in custody pending sentencing, subject to intervening orders.